IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CASE NO.:

| | |
|---|---|
| MARIA PAMELA COPSIS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **NOTICE OF REMOVAL**<br>) |
| AUTO-OWNERS INSURANCE<br>COMPANY, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, the Defendant, Auto-Owners Insurance Company hereby removes the above-captioned action to the United States District Court, Western District of North Carolina. The grounds for removal are as follows:

### The Civil Action

1. On or about March 12, 2010, the Plaintiff filed a Complaint in the Superior court of Mecklenburg County, bearing docket number 10-CvS-5673 and captioned "Maria Pamela Copsis vs. Auto-Owners Insurance Company."

2. On or about March 15, 2010, Auto-Owners Insurance Company was served with a copy of the Summons and Complaint through the North Carolina Commissioner of Insurance.

### Diversity Jurisdiction

3. The above-described action is a civil action between citizens of different states. At the time of filing, the Plaintiff was and currently is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

4. At the time of filing, the Defendant was and currently is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan.

5. There is a complete diversity of citizenship between the parties to this suit, and this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

## Amount in Controversy

6. According to the allegations of the Complaint, Defendant Auto-Owners Insurance Company was the insurer of the Plaintiff from loss due to damage by fire to Plaintiff's property located at 4916 Sharon Road, Charlotte, North Carolina for the time period from July 19, 2006 through July 19, 2007. On or about March 15, 2007, Plaintiff's property was damaged by fire. Plaintiff made claims for losses to the property and its contents, and those claims were denied by the Defendant. In her Complaint the Plaintiff has asserted claims for breach of contract, Unfair Claim Settlement Practices and Unfair or Deceptive Trade Practices.

7. In paragraph 10 of the Plaintiff's Complaint, she alleges to have sustained damages as a result of the breach in an amount "in excess of $185,000.00, plus interest." In paragraph 11 of the Plaintiff's Complaint, and in the first numbered paragraph in her prayer for relief, the Plaintiff claims that she is entitled to recover damages "in excess of $185,000.00, plus interest" from the Defendant. The Complaint also alleges entitlement to treble damages and attorneys' fees.

## Statutory Requirements

8. This cause of action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332. By virtue of the provisions of §1441(a), this entire matter is one which may be removed to this Court.

9. Pursuant to 28 U.S.C. §1446(b), removal is timely because it is filed within thirty (30) days of the date on which the Defendant was served with the Complaint.

10. The United States District Court for the Western District of North Carolina embraces the district in which the state court action is now pending.

11. A true and correct copy of the Summons and Complaint is attached hereto.

WHEREFORE, the Defendant gives notice that the entire action be removed from the Superior Court of Mecklenburg County, North Carolina to the United States District

Court for the Western District of North Carolina, and that the United States District Court assume full jurisdiction over this action.

This the 14th day of April, 2010.

/s/ Jeffrey S. Bolster
N.C. Bar Number 20868
Attorney for Defendant
Bolster Rogers, PC
1043 East Morehead Street, Ste. 111
Charlotte, North Carolina 28204
Telephone: 704-347-4884
Facsimile: 704-347-1087
jbolster@bolsterrogers.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon the person(s) listed below by depositing a copy of the same in an official depository of the U.S. Mail, First Class, in a postage-paid envelope.

           Bruce M. Simpson
           600 South College Street, Suite 3000
           Charlotte, North Carolina 28202

This the 14th day of April, 2010.

                                        /s/ Jeffrey S. Bolster_____

# STATE OF NORTH CAROLINA

Mecklenburg County

File No.
10-CVS-

In The General Court Of Justice
☐ District  ☑ Superior Court Division

Name Of Plaintiff
Maria Pamela Copsis

Address

City, State, Zip

## CIVIL SUMMONS
☐ Alias And Pluries Summons

VERSUS

G.S. 1A-1, Rules 3,4

Name Of Defendant
Auto-Owners Insurance Company

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

| Name And Mailing Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Auto-Owners Insurance Company<br>Attn: Officer, Director or Agent<br>6101 Anacapri Boulevard<br>Lansing, MI 48917-3999 | |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to this plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address of Plaintiff's Attorney (if none, Address of Plaintiff)
Bruce M. Simpson
600 South College Street, Suite 3000
Charlotte  NC  28202

Date Issued

Time Issued
☑ AM ☐ PM

Signature

☑ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

☐ ENDORSEMENT
This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement

Time
☐ AM ☐ PM

Signature

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

NOTE TO PARTIES: Many counties have MANDATORY ARBITRATION programs in which most cases where the amount is in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and , if so, what procedure is to be followed.

AOC-CV-100, Rev.10/01
2001 Administrative Office of the Courts                    (Over)

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION |
| | 10-CVS-51673 |

| MARIA PAMELA COPSIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) **(Jury Trial Requested)** |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| Defendant. | ) |

Plaintiff, Maria Pamela Copsis, complaining of the Defendant, Auto-Owners Insurance Company, alleges and says as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

2. Upon information and belief, Defendant is an insurance company engaged in business as an insurer throughout Mecklenburg County and the other counties of North Carolina, governed by the general insurance laws of North Carolina, having a place of business in Mecklenburg County, North Carolina.

3. This Court has jurisdiction over the parties and subject matter jurisdiction of this matter, and venue is proper in this Court pursuant to N.C.G.S. § 1-82.

### FACTUAL BACKGROUND

4. Defendant, for and in consideration of a valuable premium paid, issued to Plaintiff an insurance policy protecting Plaintiff from loss due to damage by fire to Plaintiff's residence located at 4916 Sharon Road, Charlotte, North Carolina, for the time period from July 19, 2006 through July 19, 2007.

5. While the policy of insurance issued by Defendant was in full force and effect, on or about March 15, 2007, Plaintiff's residence and contents were substantially damaged by fire.

6. At the time of the fire and loss, Defendant, as Plaintiff's regular insurer, was insuring the pertinent property and had marketed and established certain pertinent

1

limits of coverage as follows: dwelling at $191,000, other structures at $19,000, contents at $133,700, and loss of use at $38,700.

7. Plaintiff timely notified Defendant of the fire loss and damage, and properly presented claims for the losses to the Defendant.

8. Plaintiff fully complied with each and every term, condition, and provision of the policy of insurance on her part to be performed.

9. The policy of insurance was in full force and effect and was obligatory at the time of the fire, loss and damage.

10. The Defendant, although repeatedly requested to do so, has failed and refused to pay to Plaintiff the amount due to be paid under the terms of the policy, and Defendant has breached its obligations and duties to Plaintiff under the policy of insurance (which is a contract), and Plaintiff has sustained damages as a result of that breach in an amount in excess of $185,000, plus interest thereon from the date of the fire.

11. Plaintiff is entitled to recovery from Defendant as a result of Defendant's failure to comply with its obligations as insurer and Defendant's breach of the insurance policy and contract, in an amount in excess of $185,000, together with interest thereon from the date of the fire.

12. In addition, Defendant has committed unfair claim settlement practices in violation of North Carolina General Statutes § 58-63-15 by failing to act reasonably promptly with respect to the claim, by improperly accusing Plaintiff of burning her home and its contents without any substantial basis, by seeking a low settlement based on Defendant's unjustified accusations that Plaintiff burned her home and its contents, by denying Plaintiff's claim based on Defendant's unjustified accusations that Plaintiff burned her home and its contents, by advising Plaintiff that she could not recover unless she could prove that she did not cause the fire, by unreasonably delaying the investigation and payment of the claim, by failing to promptly provide a reasonable explanation of the basis in the insurance policy for denial of the claim, by failing to promptly settle the claim where liability had become reasonably clear under the policy, and by suggesting Plaintiff must take a lie detector test to prevail on her claim and then ignoring the results of the lie detector test when the results were favorable to Plaintiff.

13. Further, in handling Plaintiff's claims, Defendant wrongfully accused Plaintiff of fraudulent conduct, intentional concealment and misrepresentation, false swearing and unlawful conduct, which Defendant asserted statutorily justified it voiding the policy.

14. Throughout most of the pertinent claims process, Defendant knew of, and attempted to exploit, Plaintiff's financial condition and disabilities, including depression and Adult Attention Deficit Disorder (ADD), which were aggravated by the fire, the related damages to Plaintiff, and the Defendant's treatment of Plaintiff and he4r claims;

and Defendant improperly sought, obtained and used, purportedly in its claims processing.

15. The unfair claim settlement practices of Defendant employed against Plaintiff amount to unfair or deceptive trade practices in violation of Chapter 58 of the North Carolina General Statutes and unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes entitling Plaintiff to the recovery of treble damages and the cost of recovery, including reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. Plaintiff have and recover from Defendant damages in excess of $185,000, plus interest thereon from March 15, 2007, resulting from Defendant's breach of its obligations and duties under the insurance policy and contract.

2. Plaintiff have and recover of Defendant treble damages and attorneys' fees on account of Defendant's unfair claim settlement practices and unfair and deceptive trade practices in violation of the provisions of Chapters 58 and 75 of the North Carolina General Statutes.

3. Plaintiff have and recover from Defendant such other and further relief as the Court deems just and proper under the facts and applicable law.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

This 12th day of March 2010.

JAMES, McELROY & DIEHL, P.A.

*Bruce M. Simpson*
Bruce M. Simpson, Esquire
600 South College Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Email: bsimpson@jmdlaw.com
Attorneys for Plaintiff