UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-170

| | |
|---|---|
| MARIA PAMELA COPSIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| AUTO-OWNERS INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court upon the Defendant's Motion for Partial Summary Judgment [D.I. 12]. For the reasons laid out below, the Defendant's Motion is **DENIED**. The parties are ordered to prepare for trial on March 7, 2011.

**A. Background**

The Plaintiff's home was damaged by a fire on March 15, 2007. The Defendant was the Plaintiff's homeowners' insurance carrier at the time of the fire. The Plaintiff filed a claim with the Defendant, which the Defendant denied. The Defendant denied the claim on the grounds that the Defendant believed the Plaintiff was responsible for the fire and the policy was void due to the Plaintiff's fraud. The Plaintiff filed suit on March 12, 2010 seeking to recover for her damages from the fire and seeking treble damages and attorney's fees due to unfair claim settlement practices and unfair and deceptive trade practices under North Carolina law. The Defendant removed the case to this Court on April 14, 2010. The Defendant then moved for

partial summary judgment on the unfair claim settlement practices and unfair and deceptive trade practices allegations, while acknowledging that there was a material issue of fact as to the fire damage liability and payment of the claim.

**B. Standard of Review**

"Under the Federal Rules of Civil Procedure, summary judgment shall be awarded 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury, considering the evidence, could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Co. v. Catrett, 477 U.S. 317, 325 (1986). If this showing is made, the burden then shifts to the non-moving party. Bouchat, 346 F.3d at 519. A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [her] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(e). In the instant case, the Defendants have not carried their burden.

**C. Analysis**

North Carolina General Statute § 75-1.1 provides in pertinent part that "(a) unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful; and (b) for purposes of this section, 'commerce' includes all business activities. . . ." N.C.G.S. § 75-1.1. Chapter 58 of the North Carolina

General Statutes lays out the state's insurance law. North Carolina General Statute § 58-63-15(11) lists unfair claim settlement practices in the business of insurance, which are laid out in pertinent part below:

> ................
>
> b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
>
> c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
>
> d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;
>
> e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;
>
> f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;
>
> g. Compelling insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;
>
> h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;
> ................
> l. Delaying the investigation or payment of claims by requiring an insured claimant, or the physician, of either, to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information;
> ....................
> n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

As the Defendant acknowledges in its own brief, "[i]t is true that North Carolina courts have held that a violation of N.C.G.S. § 58-63-15(11) is a violation of N.C.G.S. § 75-1.1 as a

matter of law [without the necessity of an additional showing of frequency indicating a general business practice]." Defendant's Memorandum in Support of its Motion for Partial Summary Judgment at 8 [D.I. 12] (citing Gray v. North Carolina Ins. Underwriting Assoc., 352 N.C. 61, 71 (2000); Nelson v. Hartford Underwriters Ins. Co., 630 S.E.2d 221, 233-34 (2006); Country Club of Johnston County, Inc. v. U.S. Fid. & Guar. Co., 563 S.E.2d 269, 279 (2002)). The Defendant has not demonstrated that there is no material fact as to the above factors, and thus necessarily as to N.C.G.S. § 75-1.1. Defendant's numerous requests to the Plaintiff about her medical and financial records, sometimes dating back almost ten years, could be reason enough for a jury to find that the Defendant unnecessarily delayed processing of the Plaintiff's claim. Defendant put forth no compelling reason that the fire report, which Plaintiff alleges was not prepared by an independent investigator, was not completed until September of 2010 and whether this report constituted a reasonable investigation. Additionally, the Court is reticent to decide that the Defendant properly handled the claim while there is still dispute as to whether the claim was properly denied. While the Plaintiff's affidavits put forth paltry evidence to defeat the Defendant's Motion, the Defendant did not carry their initial burden to overcome the summary judgment standard. The Defendant's motion is therefore DENIED.

SO ORDERED.

Signed: January 7, 2011

Graham C. Mullen
United States District Judge